UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMERICAN CANINE FOUNDATION,

        Plaintiff,

   v.

BEN SUN, D.M.V., et al.,

        Defendants.
                             /

NO. CIV. S-06-654 LKK/DAD

O R D E R

Pending on the August 7, 2006 law and motion calendar is a motion for transfer of venue filed by Ben Sun, the California Department of Health Services, the California Health and Human Services Agency and Bill Lockyer ("defendants").[1] Plaintiff, The American Canine Foundation, seeks a declaratory judgment that

---

[1] The City of San Francisco and the County of Los Angeles are also named defendants. The defendants who filed the pending motion, however, assert that Los Angeles County does not oppose the motion. Def.'s Mot. to Transfer at 6. Plaintiff also sues Does 1 to 50 who are "legally responsible in some manner for the events and happenings herein referred to." It is unlikely that the pleading is sufficient. See, e.g., Butler v. Rober Enter., Inc., 208 F.R.D. 621 (E.D. Cal. 2002).

1

California Senate Bill 861 ("SB 861"); San Francisco Ordinance 268-05; and Title 10 of the Los Angeles County Code are unconstitutional.[2]  The court decides the motion based on the papers filed herein and without oral argument.

## I.

## BACKGROUND FACTS

**A.   SB 861**

Senate Bill 861 allows cities and counties to enact breed-specific spay, neuter and breeding requirements for animals.  Any city or county that enacts such an ordinance must compile statistics regarding the number of biting incidents and report them to the State Public Health Veterinarian, defendant Sun, who is employed by the California Department of Health Services.  Amend. Compl. at ¶ 7.[3]

Cities and counties have subsequently enacted ordinances pursuant to SB 861.  San Francisco ordinance 268-05 makes it a misdemeanor to own certain breeds of dogs unless they have been

---

[2] SB 861 is codified in California Food and Agriculture Code § 31683 and California Health and Safety Code §§ 122330-122331.

[3] Citations to "Amend. Compl." refer to plaintiff's first amended complaint filed on June 2, 2006.  On July 12, 2006, plaintiff filed another complaint labeled "first amended complaint" although it was the second amended complaint filed in the case.  On July 16, this court issued an order striking the complaint for failing to comply with Rule 15 of the Federal Rules of Civil Procedure as plaintiff did not obtain leave of court or the consent of the defendant to file another amended complaint.  On July 24, plaintiff filed a stipulation signed by the parties agreeing to allow plaintiff to file yet another amended complaint, labeled "second amended complaint" despite being the fourth complaint filed in the case.

1  spayed or neutered.  Amend. Compl. at ¶ 18.  Title 10 of the Los
2  Angeles County Code was amended to require the sterilization of
3  certain breeds of dogs, with punishments of a fine and the
4  possibility of jail time for noncompliance.  Id.

**B.  PLAINTIFF'S COMPLAINT**

Plaintiff challenges the constitutionality of SB 861 and the related city ordinances.  Plaintiff specifically contends that SB 861 was intended to label certain classes of dogs as potentially "dangerous" or "vicious" without any scientific basis and without regard to the individual characteristics of the specific dog. Amend. Compl. at ¶ 17.  Plaintiff alleges ten claims: (1) the Federal Animal Welfare Act preempts SB 861 and the San Francisco and Los Angeles ordinances, (2) violation of procedural due process, (3) violations of substantive due process and equal protection, (4) SB 861 constitutes an ex post facto law, (5) violation of the Takings Clause, (6) violation of the Federal Commerce Clause, (7) infringement on the freedom of contract, (8) unconstitutional vagueness, (9) violation of freedom of association, and (10) violations of the California Constitution. Amend. Compl. at ¶¶ 28-63.

**C.  THE CHAKO CASE**

Three months before plaintiff's complaint was filed, a similar suit was filed in the United States District Court for the Northern District of California.  Coalition of Human Advocates for K9's and Owners ("CHAKO") brought suit against the State of California, Attorney General Lockyer, the City and County of San Francisco, San

1 Francisco Mayor Gavin Newsom and San Francisco Animal Care and
2 Control and its director, Carl Friedman.[4]  Def.'s Req. For Judicial
3 Notice, Ex. A.  The suit seeks declaratory and injunctive relief
4 on the grounds that SB 861 and the San Francisco ordinances
5 requiring the sterilization of certain dogs are in violation of
6 several federal and state laws.  The CHAKO case, like the present
7 case, alleges violations of the Fourteenth Amendment of the
8 Constitution, the Commerce Clause and the California Constitution.
9 Id.  The CHAKO plaintiff also alleges violations of the Americans
10 With Disabilities Act (ADA) and the Unruh Civil Rights Act.

**II.**

**STANDARDS FOR MOTION TO TRANSFER**

Venue is proper in any district "in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2) (1999).  Section 1391(b)(2) does not require that a majority of the events have occurred in the district where suit is filed, nor does it require that the events in that district predominate.  Rodriguez v. California Highway Patrol, 89 F.Supp.2d 1131, 1136 (N.D. Cal. 2000).  All that plaintiff needs to show is that a substantial part of the events giving rise to his claim occurred in the Eastern District of California. See id.

////

---

[4] The Northern District case is Coalition of Human Advocates for K9's and Owners v. State of California, et al., No. 06-1887 MMC.

4

1  Although venue may be proper in the Eastern District, for
2 the convenience of parties and witnesses, and in the interest of
3 justice, a district court may transfer any civil action to any
4 other district or division where it might have been brought.
5 28 U.S.C. § 1404(a).

6  Defendants must make a strong showing of inconvenience to
7 warrant upsetting plaintiff's choice of forum. <u>Decker Coal Co.</u>
8 <u>v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).
9 To obtain transfer, the court must consider both private and
10 public interest factors affecting convenience of parties.  <u>Id.</u>

11  Private factors include the "relative ease of access to
12 sources of proof; availability of compulsory process for
13 attendance of unwilling, and the cost of obtaining attendance of
14 willing witnesses; possibility of view of premises, if view
15 would be appropriate to the action; and all other practical
16 problems that make trial of a case easy, expeditious and
17 inexpensive."  <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508
18 (1947).

19  Public factors include "the administrative difficulties
20 flowing from court congestion; the 'local interest in having
21 localized controversies decided at home'; the interest in having
22 the trial of a diversity case in a forum that is at home with
23 the law that must govern the action; the avoidance of
24 unnecessary problems in conflict of laws, or in the application
25 of foreign law; and the unfairness of burdening citizens in an
26 unrelated forum with jury duty."  <u>Piper Aircraft Co. v. Reyno</u>,

5

1  454 U.S. 235, 241 n.6 (1981)(quoting Gulf Oil Corp., 330 U.S. at
2  509).
3       It is also well-established that "[t]o permit a situation
4  in which two cases involving precisely the same issues are
5  simultaneously pending in different District Courts leads to the
6  wastefulness of time, energy and money that § 1404(a) was
7  designed to prevent" and transfer is especially appropriate in
8  that situation. Continental Grain Co. v. The FBL-585, 364 U.S.
9  19, 26 (1960).

**III.**

**ANALYSIS**

**A.   VENUE IN THE NORTHERN DISTRICT**

The court must first determine whether the Northern District is a district in which the suit "might have been brought." 28 U.S.C. § 1404(a); Hoffman v. Blaski, 363 U.S. 335, 343-344 (1960). A plaintiff's choice of forum should be given great weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). That said, if venue can lie in another forum, provided the forum is convenient to the parties and witnesses and serves the interests of justice, transfer is proper under § 1404(a). For the reasons explained herein, the court determines that venue is proper in the Northern District.

Plaintiff brings suit against state agencies and against the city and county of San Francisco, seeking a declaration that San Francisco Ordinance 268-05 is unconstitutional.

////

6

Accordingly, "a substantial part of the events . . . giving rise to the claim," as required by 28 U.S.C. § 1391(b), occurred in the Northern District where the San Francisco ordinance was passed and is currently being enforced.  Since, as plaintiff points out, SB 861 applies throughout the state, it applies equally in the Northern District as it does in the Eastern District.  The Northern District would have personal jurisdiction over all defendants as they are all residents of California.  Subject matter jurisdiction would also be proper in the Northern District as the case alleges violations of federal law.

**B.     INTERESTS OF JUSTICE**

The interests of justice can be decisive even if witness and party convenience weigh against transfer.  Pratt v. Rowland, 769 F.Supp. 1128, 1133 (N.D. Cal. 1991).  An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum.  A. J. Industries, Inc. v. United States Dist. Court for Cent. Dist., 503 F.2d 384, 389 (9th Cir. 1974) ("pendency of an action in another district is important" in determining whether to transfer).  In the case at bar, the interests of justice clearly weigh in favor of transfer.

It is well-established that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was

7

1  designed to prevent."  Continental Grain Co., 364 U.S. at 26.
2      The interests of justice "weigh particularly heavily" in
3  favor of a transfer due to the pendency of the CHAKO case.  The
4  CHAKO case in the Northern District involves "precisely the same
5  issues" as the case at bar.  Id. at 26.  Both involve the same
6  California state statute and San Francisco ordinance and both
7  seek a declaration that the laws are unconstitutional.  The
8  state of California defendants have filed a motion to dismiss in
9  both the CHAKO and this case based on Eleventh Amendment
10 sovereign immunity.  The issues involving the validity of the
11 statute will likely be the same in both cases despite the
12 existence of some differences in the causes of action pled and
13 the defendants named.  It would save judicial resources, time
14 and money to have these similar cases tried in the same
15 district.
16 **C.   CONVENIENCE OF THE PARTIES AND WITNESSES**
17     The court must also consider the convenience of the parties
18 and witnesses.  28 U.S.C. § 1404; A. J. Industries, 503 F.2d at
19 386.  Plaintiff contends that of the six parties named in the
20 instant suit, four reside in Sacramento.  Amend. Compl. at ¶ 5.
21 The remaining two defendants are in San Francisco and Los
22 Angeles respectively.  Plaintiff also asserts that it
23 anticipates to call non-party witnesses located in the
24 metropolitan Sacramento area, including members of the
25 legislature, local dog breeders, and dog rescuers.  Pl.'s Opp'n
26 to Mot. to Transfer at 4.

1    The court determines, however, that convenience of the
2 parties also weighs in favor of transfer.  The four Sacramento
3 defendants join in the motion to transfer to the Northern
4 District.  Therefore, the court assumes transfer would not
5 inconvenience them.  Since a transfer would take the case to San
6 Francisco, transfer would be geographically convenient to five
7 of the six defendants.  The remaining defendant, the County of
8 Los Angeles, will be required to travel regardless of whether
9 the case proceeds in the Eastern or Northern District.  The same
10 is true for plaintiff, a Washington state based organization.
11 Therefore, transfer is not defeated by the convenience of the
12 parties.

13    Furthermore, there is nothing to suggest that the Eastern
14 District is the only convenient forum in terms of location of
15 witnesses and evidence.  Given that plaintiff is challenging a
16 San Francisco ordinance, evidence and witnesses pertaining to
17 the passing of that ordinance are likely to be located in the
18 Northern District.  While SB 861 was passed by the California
19 legislature which sits in Sacramento, there is nothing to
20 suggest that it would be difficult for plaintiff or the state of
21 California to present its evidence in the Northern District.
22 Since there is currently a pending case in the Northern
23 District, transferring the case there would allow overlapping
24 witnesses and parties in both this and the CHAKO case to appear
25 in only one forum and court.
26 ////

**IV.**

**CONCLUSION AND ORDERS**

Defendant's motion to transfer venue is GRANTED and the above-captioned case is hereby TRANSFERRED to the United States District Court for the Northern District of California. All previously set dates, including the hearing on August 7th, 2006, are hereby VACATED. All pending motions and requests for stipulation should be re-noticed in the Northern District of California.

IT IS SO ORDERED.

DATED: July 25, 2006

```
                                    /s/ Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT
```